ROBERT H. McCARTER, attorney-general, ex rel. BOARD OF RAIL-
ROAD COMMISSIONERS, informant, respondent,

*v.*

THE UNITED NEW JERSEY RAILROAD AND CANAL COMPANY
et al., defendants-appellants.

[Submitted July 3d, 1909. Decided November 15th, 1909.]

1. The specification of grounds of demurrer as prescribed by chancery
rule 209 is, in effect, a statement in advance of the points of law intended
to be argued thereunder.

2. A motion to strike out assigned causes of demurrer is unwarranted.

3. History of chancery rule 209.

On appeal from a decree of the court of chancery advised by
Vice-Chancellor Walker, whose opinion is reported in *75 N. J.
Eq. (5 Buch.) 158.*

*Mr. Nelson B. Gaskill,* assistant attorney-general, for the
respondent.

*Mr. Alan H. Strong,* for the appellants.

The opinion of the court was delivered by

DILL, J.

The attorney-general filed an information on the relation of
the board of railroad commissioners to compel the defendant
company to abandon an existing crossing over its tracks at
Irving street, in the city of Rahway, and to substitute some other
method of crossing, to be determined by the court. The defend-
ants filed a demurrer to the information, and, under the chan-
cery rule 209, specified five causes for the demurrer. The at-
torney-general then moved to strike out the demurrer, and also

to strike out each of the several causes. The vice-chancellor refused to strike out the demurrer. He also refused to strike out the first cause, but ordered that the second, third, fourth and fifth causes be stricken out. From this order the defendant company appeals.

If we were to decide this case upon the question argued before us, namely, the validity of the causes of demurrer stricken out by the order appealed from, we should arrive at a conclusion at variance with that of the learned vice-chancellor below; but there is another and prior question involved, and that is as to the practice adopted by the court below in striking out assigned grounds of demurrer.

The practice of requiring the statement of grounds for demurrer appears to have arisen as early as 1585. *Stat. 27 Eliz. ch. 5.* In 1654, the court of king's bench formulated in an order the substantial provisions of that statute, and later (1705) it was made more specific by *4 and 5 Anne ch. 16.* In 1833, by *Reg. Gen. Hil. Term, 4 William IV.,* the practice of specifying causes or grounds was extended to every demurrer, and, what is to the point here, the party filing it was required to state in the margin thereof the matters of law intended to be argued thereunder. This order of 1833 was embodied in the Common Law Procedure act of 1852, which in turn was followed by the Judicature act of 1875, and order 28, rule 2, of that act is the source of our chancery rule 209.

As was said by Vice-Chancellor Van Fleet in 1889:

"The new orders in chancery of England contain a clause identical in purpose with our rule. Rule 2d of order 28 requires that a demurrer shall state the specific ground on which it is founded; our rule requires that the particular ground shall be stated; so that it is manifest from their language that the scope and design of both are the same." *Essex Paper Co. v. Greacen, 45 N. J. Eq. (18 Stew.) 504* (at *p. 505*).

Chancery rule 209 requires the grounds of demurrer to be specified, and these grounds, one or more, are in effect mere announcements in advance of the questions of law intended to be argued. The origin of this requirement is found in *Reg. Gen. Hil. Term, 4 William IV.,* where the party filing the de-

murrer was required to state in the margin thereof the points of law intended to be argued thereunder.

The reason for requiring a statement of the points of law upon which the demurrant relies is apparent. The adverse party is thus advised at what point his pleading will be attacked, and the court, in passing upon the demurrer, is aided by specific reference to the grounds in support thereof. *Essex Paper Co.* v. *Greacen, supra* (at *p. 506*).

There is, however, nothing in the statute, in the rules of the court or in the history of the law, and there is no precedent to be found, which would warrant the striking out of the causes specified. The demurrer may be stricken out if it is sham or frivolous, but not the causes.

A motion to strike out one or more assigned causes of demurrer, viz., the statement of the points of law intended to be argued in support of the demurrer, is asking the court in advance of the regular trial of the issues of law to hear the case in piecemeal and to limit the scope of the argument upon the trial by eliminating in advance the discussion upon certain points of law. This the court may not do.

A demurrer is wholly good or wholly bad, and it is not necessary that all of the causes of demurrer specified should hold good. If any of the assigned grounds are valid the demurrer should be sustained.

To sanction motions to strike out, either wholly or in part, assigned grounds of demurrer would prolong litigation indefinitely. Such practice should not be allowed.

For this reason, therefore, the order appealed from should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—14.